Talos Capital Designated Activity Co. v 257 Church Holdings LLC (2022 NY Slip Op 03186)

Talos Capital Designated Activity Co. v 257 Church Holdings LLC

2022 NY Slip Op 03186

Decided on May 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 12, 2022

Before: Gische, J.P., Scarpulla, Mendez, Shulman, Higgitt, JJ. 

Index No. 651458/20 Appeal No. 15939-15939A Case No. 2021-00295 

[*1]Talos Capital Designated Activity Company etc., Plaintiff-Respondent,
v
257 Church Holdings LLC, et al., Defendants-Appellants.

Nixon Peabody LLP, New York (Thomas Mealiffe of counsel), for 257 Church Holdings LLC, BA 616 Collins Member LLC and Leeds Capital LLC, appellants.
Friedman Kaplan Seiler & Adelman LLP, New York (Robert S. Smith of counsel), for Ben Ashkenazy, appellant.
Fried, Frank, Harris, Shriver & Jacobson LLP, New York (Janice MacAvoy of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered January 26, 2021, insofar as appealed from as limited by the briefs, awarding plaintiff $20,000,000 against defendant Ben Ashkenazy and statutory interest from November 6, 2018 against Ashkenazy and defendants 257 Church Holdings LLC, BA 616 Collins Member LLC, and Leeds Capital LLC (LLC defendants), and bringing up for review an order, same court and Justice, entered January 15, 2021, which granted plaintiff's CPLR 3213 motion for summary judgment in lieu of complaint, unanimously modified, on the law, to vacate so much of the judgment as is against Ashkenazy, and to deny the motion against him, and the moving and answering papers deemed the complaint and answer, respectively, and otherwise affirmed, without costs.
Regardless of whether the Payment Recourse Guaranty executed by Ashkenazy is an instrument for the payment of money only as contemplated by CPLR 3213, to the extent it unconditionally guaranteed the nonparty borrower's obligation to pay a $20 million "Five Year Paydown" pursuant to a mezzanine loan agreement plaintiff failed to establish its entitlement to summary judgment against Ashkenazy. The underlying loan agreement and the Payment Recourse Guaranty are ambiguous as to Ashkenazy's obligations, and plaintiff failed to show that he has not performed under Payment Recourse Guaranty (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]; PDL Biopharma, Inc. v Wohlstadter, 147 AD3d 494, 496 [1st Dept 2017]). Specifically, Section 2.4.3 of the underlying loan agreement provides that nonpayment by the borrower of the Five Year Paydown on the Paydown Date (defined as a "Paydown Default") would not be a default under the loan agreement. Rather, upon the borrower's failure to make the Five Year Paydown of $20 million on the Paydown Date, plaintiff could elect to exercise its remedies under the Guaranties and then under the Guaranty Pledges executed by the LLC defendants. The loan agreement specifies that any remaining deficiency after plaintiff exercised its remedies under the Guaranties and Pledges would "remain outstanding as part of the Outstanding Principal Balance" due at maturity. Inasmuch as the Five Year Paydown provision of the loan agreement makes specific provision for plaintiff's remedies in the event of a Paydown Default but does not reference the Payment Recourse Guaranty at all, the loan agreement is ambiguous as to whether Ashkenazy's obligation to pay the $20 million (or the amount of the remaining deficiency) is due at the time of the Paydown Default or upon the maturity of the underlying loan, when the borrower's obligation becomes due.
The motion court properly awarded statutory interest on the amount owed by the LLC defendants (CPLR 5001). The fact that the borrower must pay contractual interest on the underlying loan does not preclude the court's imposition of statutory interest [*2]on the amount that the LLC defendants owe under separately executed guaranties (see e.g. Midland Steel Warehouse Corp. v Godinger Silver Art, 276 AD2d 341, 343 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 12, 2022